## CHIPMAN *v.* MORRILL & WEBSTER.

Courts of Equity and Courts of Law have concurrent jurisdiction in enforcing contribution between cosureties. The jurisdiction of Courts of Equity is based upon the principle that equality of burthen is equity; that of Courts of Law is based upon the implied promise of each surety to contribute his share, if necessary, to make up the common loss.

The doctrine of contribution applies equally between those who are original cocontractors—that is, those who are jointly bound on their own account, (not being copartners) as it does between those who are cosureties—that is, jointly bound to answer for the debt or default of another.

Where several parties, owing distinct portions of the same debt, execute a joint note for the same, each is, as to his own proportion, principal, and as to the proportion of each of the other makers, a cosurety.

Thus, where C., M. and W. purchased property together, C. taking one undivided half, and M. and W. each taking one undivided fourth, and for the purchase money executed their joint note: *Held,* that C. was, as to his half of the debt, a principal and a cosurety with M. for the fourth due from W., and with W. for the fourth due from M.

Chipman *v.* Morrill.

A surety paying a debt, for which several persons are liable in distinct proportions as principals, cannot maintain a joint action against the principals for the amount thus paid, but his remedy is by a several action against each upon the implied assumpsit of each to reimburse what was thus paid for him.

C., in the case above stated, having paid the whole of a judgment, recovered upon the note: *Held,* that it is not a case for contribution between parties who have . sustained a common loss upon a common liability, but that M. and W. are each severally liable upon an implied contract to repay C. one-fourth of the judgment.

The language "an action upon any contract, obligation or liability founded upon an instrument of writing," in the seventeenth section of the Statute of Limitations, refers to contracts, obligations and liabilities resting in or growing out of written instruments, not remotely or ultimately, but immediately—that is, to such contracts, obligations or liabilities as arise from instruments of writing executed by the parties who are sought to be charged in favor of those who seek to enforce the contracts, obligations or liabilities.

Thus, where two persons executed a note, one as principal and the other as surety, and a judgment obtained upon the note is paid by the surety: *Held,* that the obligation of the principal to repay the surety is not "founded upon a written instrument," within the meaning of the statute, and that more than two years having elapsed after the payment before suit brought, the demand was barred.

APPEAL from the Fourth Judicial District.

This action was commenced on the thirtieth day of July, A. D. 1860. All other material facts are stated in the opinion of the Court.

*W. W. Chipman,* Appellant, *in pro per.*

I. This action is in the nature of a bill in equity, to enforce a contribution against two of three joint obligors, or judgment debtors, where one has paid the debt. The main question in the case, and the only one argued in the Court below, as to defendant Webster, was raised in the fifth ground of demurrer, to wit: that more than two years had elapsed since the cause of action accrued and before the suit was commenced.

Appellant insists that he had four years, both under section seventeen and section nineteen of the statute; that this is not a mere action in assumpsit, brought as upon a simple contract, but is grounded upon the principle of equality of burthen, and that relief is to be afforded on the equity side of the Court, whether there is an adequate remedy at law or not.

For another reason this is properly to be considered a proceeding in equity.   One of the defendants pleads a discharge in insolvency, and this may raise the question in equity whether the other defendant shall contribute a moiety of the insolvent's liability.   "The right to afford contribution originally belonged to a Court of Equity, and the jurisdiction now assumed by Courts of Law to enforce contribution in some cases, does not affect the jurisdiction originally belonging to a Court of Equity."   (4 Grattan, 268; 12 Alabama, 225.)   In *Waters* v. *Reilly*, (2 H. & Gill, 305) it is said: "That where all the obligors are principals, equity will enforce contribution, though the remedy at law is gone."   If the remedy at law be considered gone in two years, the remedy in equity is not till the lapse of four years.   Section nineteen of the Statute of Limitations is as follows: "Actions for relief not hereinbefore provided for, must be commenced in four years," etc.   Under this head are included what were formerly known as equitable actions.   (Tillinghast & Sherman's Practice, 329; 5 Barb. 411–12; *Ellwood* v. *Diefendorf*, 8 Abbott, 349–50.)

II.   If this should be held to be an action of assumpsit based on contract, the statute is not a bar.   It is only in cases of obligations not springing out of written instruments, and not evidenced by writing, that the restriction of two years was intended by the statute to apply.   The object of the statute was doubtless to limit actions founded entirely in parol to two years ; not where the facts are in writing, nor where there is any evidence of the liability in writing, or in record.

It is true, the statute does not begin to run until the right to enforce contribution is acquired, and this right is not acquired till plaintiff pays more than his share ; but plaintiff being compelled by virtue of the instrument of writing (or the judgment upon it) to pay the debt, the statute continues to run just as long as it would in any other case of an instrument of writing, where the liability had its foundation in writing ; there is no reason why it should not so run; and it is immaterial whether it is upon an instrument of writing, signed by the party, or not signed, so that the liability grows out of it.

*Alfred A. Cohen*, for Respondent Webster.

I.    The action is not founded on an instrument in writing, and the demurrer was properly sustained.    Contribution is based on implied assumpsit.    (*Davis* v. *Humphreys*, 6 M. & W. 153 ; Parsons on Contracts, vol. 1, 32, 37.)

II.    The liability of the defendant arose from the fact of payment by the plaintiff of more than his proportion of the judgment debt, and the liability thus created can in no sense be said to be founded on an instrument in writing ; the obligation is not on the judgment, but on the payment.

Field, C. J. delivered the opinion of the Court — Norton, J. concurring.

The property of the plaintiff was sold under execution to satisfy a judgment recovered against the plaintiff and the defendants, and this action is brought to enforce payment from the defendants of their proportionate share.    The questions for determination arise upon the pleadings.    The papers read on the motion for new trial we cannot look into, as there is no appeal from the order denying the motion.    The complaint sets forth that in December, 1853, the plaintiff and the defendants purchased certain real estate situated in Alameda county, and gave to the vendor in part payment for the same their joint promissory note for $11,666, secured by a mortgage upon the property; that the plaintiff by the purchase became the owner of one undivided half of the premises, and each of the defendants became the owner of one undivided fourth; that the note was not paid, and that suit was commenced for the foreclosure of the mortgage, in which judgment was recovered against the plaintiff and the defendants for $11,666, and a decree entered directing the sale of the premises for the satisfaction of the judgment; that under the decree the mortgaged premises were sold, and after the application of the proceeds to the payment of the amount due upon the judgment, there remained a deficiency of $8,040; that for this deficiency, and the per centage, interest and costs, an execution was issued on the first of July, 1856, and under it, on the thirtieth of the same month, property of the plaintiff was sold for the sum of $12,000, and the amount applied to the satisfaction of the deficiency and interest, per centage and costs; that

the deficiency was due from the plaintiff and defendants in the same proportions between themselves, as they were the purchasers and owners of the premises; that is, one-half from the plaintiff and one-fourth from each of the defendants; but as the whole amount was paid by the plaintiff, the defendants are bound to make contribution to him in proportion to their interests. Then follows a prayer for judgment that each defendant be required to pay the plaintiff the sum of $3,000, with interest from July 30th, 1856, and for such other and further relief as to equity shall seem meet.

To this complaint the defendant, Webster, demurred on various grounds, and among others, on the ground that there was a misjoinder of parties, because the cause of action was several against each of the defendants; and on the ground that it appeared that more than two years had elapsed from the time the cause of action accrued before the suit was commenced. The Court sustained the demurrer, and the plaintiff declining to amend his complaint, final judgment was entered thereon.

The defendant, Morrill, answered, denying, to use the language of his answer, "the greater part of the allegations of the complaint," without stating what those allegations were, and setting up, or rather attempting to do so, the Statute of Limitations and a discharge under the insolvent law of the State. The plaintiff, instead of demurring to the defective answer, filed a replication to it, denying the bar of the statute and the discharge in insolvency. The case was then submitted upon the pleadings. Upon them the Court gave judgment for the defendant. It is from these two judgments —one in favor of the defendant, Webster, on the demurrer, and the other in favor of the defendant, Morrill, on the pleadings, that the appeal is taken.

The appellant in his argument of the appeal takes two positions: *first*, that the action is one in equity to enforce a contribution from two of three obligors, to which the statute does not create a bar until after the lapse of four years (Act of April 22d, 1850, defining the time for commencing Civil Actions, sec. 19); and *second*, that if the action be regarded as depending upon contract, that such contract is founded upon an instrument of writing, and to the action the statute in consequence fixes a like limitation of four years.

1. In support of the first position, the appellant cites various authorities upon the doctrine of contribution as between cosureties, to the effect that such doctrine depends more upon a principle of equity than upon contract.   Such is undoubtedly the case as between cosureties, and the principle is, that where there is a common liability, equality of burthen is equity.   Courts of equity, therefore, naturally took jurisdiction of cases of contribution, where one surety had paid more than his just proportion.   But the equitable doctrine, in progress of time, became so well established, that parties were presumed to enter into contracts of suretyship upon its knowledge; and consequently, upon a mutual understanding that if the principal failed, each would be bound to share with the others a proportionate loss.   Courts of common law thereupon assumed jurisdiction to enforce contribution between the sureties, proceeding on the principle that from their joint undertaking there was an implied promise on the part of each surety to contribute his share, if necessary, to make up the common loss.   ( *Craythorne* v. *Swinburne,* 14 Vesey, 164; *Sansdale's Administrators and Heirs* v. *Cox,* 7 Monroe, 403; *Campbell* v. *Mesier,* 4 Johns. Ch. 339; 1 Maddock's Ch. 236; *Fletcher* v. *Grover,* 11 N. H. 369.)   This jurisdiction of the common law Courts did not, however, impair the concurrent jurisdiction of equity.   Indeed, in many cases, especially where the sureties were numerous, and some of them were insolvent, or where some of the sureties had died, Courts of Equity were alone adequate to afford complete remedy.   ( *Wright* v. *Hunter,* 5 Vesey, 194; *Wayland* v. *Tucker,* 4 Grat. 268 ; *Couch* v. *Terry's Adm'rs.,* 12 Ala. 228.)

It is also true, that the doctrine of contribution applies equally between those who are original cocontractors : that is, between those who are jointly bound on their own account, (not being copartners) as it does between those who are cosureties : that is, jointly bound to answer for the debt or default of another.   Thus, if a note were given for the cost of a partition wall by the owners of the adjoining premises, between which the wall was constructed, and one of the parties should pay the entire amount of the note, or more than his proportionate part, he could claim a contribution from the other. ( *Campbell* v. *Mesier,* 4 John's. Ch. 335.)

But the present case is not one for contribution between parties who have sustained a common loss upon a common liability. The note of the plaintiff and defendants, upon which the judgment was rendered, was given upon the purchase of real estate in which the parties took separate and distinct interests—the plaintiff one undivided half, and each of the defendants one undivided fourth; and between themselves the obligation of each was to pay for his respective interest. In giving their joint note for the whole amount of the purchase money, each party was principal for the amount of his own interest, and cosurety for the remaining interests. Thus the plaintiff was principal for one-half of the purchase money and cosurety with Webster for one-fourth of the same for Morrill, and cosurety with Morrill for one-fourth for Webster. (*Goodall* v. *Wentworth*, 20 Maine, 322.) When, therefore, the plaintiff paid the entire amount of the judgment recovered upon the note—or what is the same thing, when the proceeds of the property of the plaintiff sold under execution were applied to such payment—he became entitled to maintain an action against the defendants for moneys paid on their account. The demands which he could then assert were several in their character. They were demands not for contribution, but for reimbursement of moneys paid. The action should, therefore, have been against the defendants separately, upon the assumpsit which the law implies where a surety is compelled to advance money for his principal. (*Parker* v. *Ellis*, 2 Sand. 223; *Odlin* v. *Greenleaf*, 3 N. H. 270; *Maurice* v. *Heffernan*, 13 John. 59; *Lapham* v. *Barnes*, 2 Vt. 213; *Frazier* v. *Goode*, 3 Rich. 199; *Babcock* v. *Hubbard*, 2 Conn. 536; *Ward* v. *Henry*, 5 Id. 596.)

2. The action being upon the implied assumpsit, the question is, whether the contract is to be regarded as " founded upon an instrument of writing." The statute provides that " an action upon any contract, obligation or liability founded upon an instrument of writing," except in certain designated cases, shall be commenced within four years, and an action upon a contract, obligation or liability not thus founded, with certain exceptions, shall be commenced within two years. The question is, whether the present action is, in the meaning of the statute, " founded upon an instrument of writing." Our conclusion is, that it is not thus founded; that the statute

by the language in question refers to contracts, obligations or liabilities resting in, or growing out of written instruments, not remotely or ultimately, but immediately; that is, to such contracts, obligations or liabilities as arise from instruments of writing executed by the parties who are sought to be charged, in favor of those who seek to enforce the contracts, obligations or liabilities. , The construction would be the same if the word "founded" were omitted, and the statute read "upon any contract, obligation or liability upon an instrument of writing." Such being our construction, we are of opinion that the statute created a bar to the present action after the lapse of two years from the thirtieth of July, 1856. The demurrer interposed by the defendant Webster was, therefore, well taken. One of the questions raised by the defendant Morrill, by his defective answer, also related to the bar of the statute. Although informally taken, the objection, supported as it is by the allegations of the complaint, was sufficient to uphold the judgment rendered.

Judgment affirmed.