NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | No. 13-55854 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02871-AJB-JMA |
| v. | |
| ELLERY CHACKSFIELD, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted May 5, 2015
Pasadena, California

Before: FISHER, BEA, and FRIEDLAND, Circuit Judges.

Allstate Insurance Company brought this action seeking a declaration that

Gordon Hammers's umbrella insurance policy did not cover damages arising out of

a car accident with Ellery Chacksfield for which Gordon's brother Robert had been

found responsible because Robert was not a "resident of [Gordon's] household."

In response to cross-motions for summary judgment, the district court

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

concluded that Robert was a resident of Gordon's household and granted summary judgment to Chacksfield. We reverse and remand for entry of summary judgment in favor of Allstate.

Residents of the same household must live "under one roof or within a common curtilage." *Jacobs v. Fire Ins. Exch.*, 278 Cal. Rptr. 52, 58 (Ct. App. 1991). Robert and Gordon did not live "under one roof" because Robert lived in a separate trailer and had been prohibited to enter Gordon's house, and we disagree with the district court's conclusion that Robert and Gordon lived within a common curtilage.

California courts seem to apply the same definition of "curtilage" in both the insurance coverage and Fourth Amendment contexts. *See People v. DiMatteo*, No. A105694, 2005 WL 20005, at *4 (Cal. Ct. App. Jan. 5, 2005) (unpublished) (citing *Jacobs*, 278 Cal. Rptr. at 57 n.4); *see also Emp'rs Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) (noting that "we may consider unpublished state decisions, even though such opinions have no precedential value"). Under that definition, to determine the extent of a home's curtilage, courts consider "(1) 'the proximity of the area claimed to be curtilage to the home'; (2) 'whether the area is included within an enclosure surrounding the home'; (3) 'the

2

nature of the uses to which the area is put'; and (4) 'the steps taken by the resident to protect the area from observation by people passing by.'" *People v. Lieng*, 119 Cal. Rptr. 3d 200, 207 (Ct. App. 2010) (quoting *United States v. Dunn*, 480 U.S. 294, 301 (1987)).

Applying these factors, we conclude that Robert and Gordon did not live within a common curtilage. First, Robert's trailer was more than 100 feet from Gordon's home, and "even in rural areas, it is rare for curtilage to extend more than 100 feet beyond the home." *Id.* at 208. Second, Robert's trailer was enclosed within its own fence. Third, Robert's trailer and Gordon's home did not share uses in common. Thus, three factors weigh decisively in favor of the conclusion that Robert and Gordon did not share a common curtilage. The fourth factor is not obviously to the contrary, and would not outweigh the other three factors even if it were.

We reverse the district court's grant of summary judgment in favor of Chacksfield, and remand with instructions to enter summary judgment in favor of Allstate.

**REVERSED and REMANDED.**

3