**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID COUCH,

          Plaintiff-Appellant,

v.

MORGAN STANLEY & CO. INC.;
MORGAN STANLEY SMITH BARNEY,
LLC,

          Defendants-Appellees.

No.   15-16749

D.C. No. 1:14 cv-00010-LJO-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Argued and Submitted June 17, 2016
San Francisco, California

Before:    SCHROEDER, TASHIMA, and OWENS, Circuit Judges.

    David Couch appeals the district court's order granting summary judgment

to Morgan Stanley & Co. Inc. and Morgan Stanley Smith Barney, LLC (together,

"Morgan Stanley").  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

      [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

From September 2007 to January 2013, Couch was employed as a Morgan Stanley Financial Advisor ("FA"), a position that Morgan Stanley treats as full-time. Morgan Stanley employees may not engage in certain activities outside the scope of their employment, including serving on a municipal board, without prior written approval. Before Couch began working at Morgan Stanley, Morgan Stanley approved Couch's outside activity request to "run[ ] for and potentially serv[e]" on the Kern County Board of Supervisors (the "Board").

In 2011, Couch began campaigning to be elected to the Board. In February 2012, Couch submitted a formal outside activity request to serve on the Board, which stated that the Supervisor position paid $100,000 a year and required 35 hours per week, 25 of them during business hours. Couch's request triggered concerns by Morgan Stanley's Human Resources and Legal Departments that Couch would be unable to devote sufficient time to his clients as an FA and that there might be a conflict of interest between Morgan Stanley and Kern County, a Morgan Stanley client.

Couch was elected to the Board on June 6, 2012. One month before Couch was to be sworn in, Morgan Stanley informed Couch that he needed to choose between the FA and Board positions. In late December 2012, Couch indicated that he would remain as an FA with Morgan Stanley. However, less than two weeks

2

later, Couch was sworn in as a Supervisor. Upon learning that Couch had taken the elected position, Morgan Stanley reiterated that Couch could not maintain both jobs. After Couch failed to indicate whether he would step down from either position, Morgan Stanley terminated Couch's employment in January 2013.

Couch sued Morgan Stanley for violations of California Labor Code §§ 98.6, 1101(a), and 1102, and for intentional and negligent interference with existing and prospective economic relationships. Morgan Stanley moved for summary judgment, and the district court granted the motion. Couch appealed.

We review de novo a district court's grant of summary judgment. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). We must "determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* (citation omitted).

Sections 1101 and 1102 of the California Labor Code prohibit employers from interfering with "the fundamental right of employees in general to engage in political activity." *Gay Law Students Ass'n v. Pac. Tel. & Tel. Co.*, 595 P.2d 592, 610 (Cal. 1979) (citations omitted). The parties dispute whether an employer violates §§ 1101(a) and 1102 by firing an employee who engages in political activity, *regardless of the employer's motivation*, or only if the employer had a

3

political reason for terminating the employee.[1]  Where, as here, the state supreme court has not squarely addressed the issue of state law, "a federal court is obligated to follow the decisions of the state's intermediate appellate courts" unless there is "convincing evidence that the state supreme court would decide [the issue] differently." *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007) (citation omitted).

Two California Court of Appeal decisions have held that liability under §§ 1101(a) and 1102 is triggered only if an employer fires an employee based on a political motive.  In *Ali v. L.A. Focus Publ'n*, 5 Cal. Rptr. 3d 791 (Ct. App. 2003), the court reversed the grant of summary judgment to a newspaper that fired its editor after he criticized a congresswoman on a local radio show.  *Id.* at 793, 799.  The court explained that §§ 1101 and 1102 reflect "[t]he public policy prohibiting employers from terminating an employee for engaging in political activity." *Id.* at

---

[1]    Section 1101(titled "Political activities of employees; prohibition of prevention or control by employer") states in part, "No employer shall make, adopt, or enforce any rule, regulation, or policy [f]orbidding or preventing employees from engaging or participating in politics or from becoming candidates for public office." Cal. Labor Code § 1101(a).  Section 1102 (titled "Coercion or influence of political activities of employees") states, "No employer shall coerce or influence or attempt to coerce or influence his employees through or by means of threat of discharge or loss of employment to adopt or follow or refrain from adopting or following any particular course or line of political action or political activity." Cal. Labor Code § 1102.

4

798.  Because the editor alleged he was fired "not because the content of his articles contravened the editorial policies or standards of the newspaper, but because outside of the workplace he publicly criticized an influential public official" the court concluded that it was error to grant summary judgment to the employer. *Id.* at 799.  Similarly, in an unpublished decision, the Court of Appeal held that an employer violates §§ 1101 and 1102 only if it terminates an employee for a political reason, as opposed to a legitimate non-political reason. *Nava v. Safeway Inc.*, No. F063775, 2013 WL 3961328, at *7-8,  (Cal. Ct. App. Jul. 31, 2013) (unpublished) (holding that a former Safeway employee, who claimed he was fired for objecting to Safeway's political agenda by removing a "Gay/Lesbian Pride Month" poster from the break room, adequately alleged violations of §§ 1101 and 1102).[2]

The district court thus correctly granted summary judgment to Morgan Stanley on Couch's claims under §§ 1101(a) and 1102.  Even viewing the facts in the light most favorable to Couch, Morgan Stanley fired Couch for a legitimate, apolitical reason:  Couch could not work as both a full-time FA and a full-time

---

[2]    We "may consider unpublished state decisions, even though such opinions have no precedential value." *Emp'rs Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) (citing *Nunez v. City of San Diego*, 114 F.3d 935, 943 n.4 (9th Cir. 1997)).

Supervisor. The Supervisor position was a full-time position that required 25 hours per week during business hours and another 10 hours outside of business hours. Morgan Stanley likewise treats the FA position as a full-time position. Couch's observation that some FAs work from home or that no one monitored whether Couch was in the office does not negate the fact that the FA position was considered full-time or that Morgan Stanley did not believe Couch could devote sufficient time to his clients while simultaneously employed as a full-time Supervisor.

Because Morgan Stanley fired Couch for a legitimate, non-political reason, the district court did not err in granting summary judgment to Morgan Stanley on Couch's claims under §§ 1101(a) and 1102. Further, because Couch's tortious interference claims and § 98.6 claim are based on Morgan Stanley's alleged violation of §§ 1101(a) and 1102, the district court also correctly granted summary judgment to Morgan Stanley on those derivative claims.

**AFFIRMED.**