FILED

NOT FOR PUBLICATION

JUN 13 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELVIN KORNBERG,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>UNITED STATES OF AMERICA;<br>DEPARTMENT OF VETERANS<br>AFFAIRS,<br><br>　　　　　Defendants-Appellees. | No. 16-15371<br><br>D.C. No.<br>2:14-cv-02165-JCM-NJK<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 9, 2017[**]
Pasadena, California

Before:  GRABER and MURGUIA, Circuit Judges, and DAVILA,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward J. Davila, United States District Judge for the
Northern District of California, sitting by designation.

Plaintiff Melvin Kornberg appeals from the district court's dismissal of his complaint. The court dismissed Plaintiff's contract claims because those claims must be brought in the Court of Federal Claims, and Plaintiff does not contest that ruling. The court dismissed Plaintiff's tort claim against the United States because he failed to comply with Nevada's affidavit-of-merit statute, which requires a plaintiff in a medical malpractice action to file "an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice." Nev. Rev. Stat. § 41A.071 (2014). Plaintiff argues that his tort claim against the United States does not trigger that requirement. Reviewing de novo, Whitman v. Mineta, 541 F.3d 929, 931 (9th Cir. 2008), we reverse.

1. We predict that the Supreme Court of Nevada would hold that a plaintiff suing a defendant under a respondeat superior theory does not have to comply with the now-superseded version of the affidavit-of-merit statute that applies in this case,[1] even when a doctor or other medical professional committed the underlying negligent acts or omissions. See McQuade v. Ghazal Mountain Dental Grp., P.C.,

---

[1] The statute was amended in 2015, but it is the pre-amendment version that governs here. See 2015 Nev. Stat. ch. 439, § 11 ("The amendatory provisions of this act apply to a cause of action that accrues on or after [June 9, 2015].").

Nos. 61347 & 61846, 2014 WL 4804063, at *1 (Nev. Sept. 24, 2014) (unpublished) (holding that the plaintiff "did not have to comply with [§] 41A.071 because the action was based on respondeat superior and negligent hiring, not medical or dental malpractice"); see also Zhang v. Barnes, No. 67219, 2016 WL 4926325, at *6 (Nev. Sept. 12, 2016) (unpublished) (characterizing a party's argument based on McQuade as "correct," but rejecting it on other grounds).[2] The gravamen of Plaintiff's complaint is that individual doctors working for the United States acted negligently in diagnosing him, and the United States is liable only because the doctors were acting within the scope of their employment with the United States. See Pelletier v. Fed. Home Loan Bank of S.F., 968 F.2d 865, 876 (9th Cir. 1992) ("Under the [Federal Tort Claims Act ("FTCA")], an individual who has suffered an injury cognizable in tort as a result of the conduct of a federal employee may bring suit against the United States if that employee was acting within the scope of his office or employment." (internal quotation marks omitted)). Accordingly, the United States' liability is premised on respondeat superior

_____

[2] Unpublished dispositions of the Supreme Court of Nevada, though not binding on us, may be considered as evidence of the content of Nevada law. See Emp'rs Ins. of Wausau v. Granite State Ins. Co., 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value.").

3

principles, and Plaintiff was not required to submit an affidavit of merit under the applicable version of § 41A.071 when suing the United States.

2.  In the alternative, the affidavit requirement may be viewed as procedural, rather than substantive.  See Zohar v. Zbiegien, 334 P.3d 402, 406 (Nev. 2014) (referring to § 41A.071 as "a preliminary procedural rule"); Borger v. Eighth Judicial Dist. Court, 102 P.3d 600, 605 (Nev. 2004) (referring to § 41A.071 as a "procedural rule of pleading").  And federal law, not state law, governs all procedural aspects of a claim under the FTCA.  Liebsack v. United States, 731 F.3d 850, 855 (9th Cir. 2013).  The FTCA contains no affidavit requirement.

**REVERSED.**