NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF AMERICA, NA, | No. 19-16405 |
| Plaintiff-Counter-Defendant-Appellee, | D.C. No. 2:15-cv-00684-RFB-NJK |
| v. | |
| SILVER TURTLE HOMEOWNERS ASSOCIATION, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| HAWTHORN WOODS AVENUE TRUST, | |
| Defendant-Counter-Claimant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted October 29, 2020[**]
Portland, Oregon

Before: TASHIMA, GRABER, and IKUTA, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Defendant Hawthorn Woods Avenue Trust timely appeals the summary judgment in favor of Plaintiff Bank of America, N.A., in this action concerning a foreclosure sale by a homeowners association ("HOA") in Nevada. Reviewing de novo, CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n, 962 F.3d 1103, 1106 (9th Cir. 2020), we affirm.

The district court correctly held that decisions by the Nevada Supreme Court foreclose Defendant's arguments. We are bound by the decisions of the Nevada Supreme Court on questions of Nevada law, Albano v. Shea Homes Ltd. P'ship, 634 F.3d 524, 530 (9th Cir. 2011), so we do not address Defendant's challenges to the correctness of those decisions.

Plaintiff's tender of the full amount of the superpriority portion of the HOA's lien discharged that portion of the lien. Bank of Am., N.A. v. SFR Invs. Pool 1, LLC (Diamond Spur), 427 P.3d 113, 117 (Nev. 2018) (en banc). As in Diamond Spur, Plaintiff here sent a check for nine months' worth of assessment fees, $594, and "the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." Id. at 118; see Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n, 920 F.3d 620, 623 (9th Cir. 2019) (per curiam) ("If the HOA's ledger does not show any charges for maintenance or nuisance abatement, a tender of nine months of HOA dues is sufficient."). Accordingly,

2

"[o]n the record presented, this was the full superpriority amount." Diamond Spur, 427 P.3d at 118.

The condition described in Plaintiff's tender letter was permissible. See id. (approving of a materially identical condition). Nevada law did not require Plaintiff to record its tender. Id. at 119–20. And the sale to Hawthorn Woods Avenue Trust was void as a matter of law, so Defendant's arguments concerning equity are irrelevant. Id. at 121; accord 7510 Perla Del Mar Ave Trust v. Bank of Am., N.A., 458 P.3d 348, 350 n.1 (Nev. 2020) (en banc); SFR Investments Pool 1, LLC v. Bank of N.Y. Mellon (CWALT), 455 P.3d 841 (Table), 2020 WL 407054, *1, *2 n.4 (Nev. 2020) (unpublished).

Finally, we predict that the Nevada Supreme Court would agree with its many unpublished decisions holding that an HOA's allegedly good-faith reason for rejecting tender is "legally irrelevant." E.g., CWALT, 2020 WL 407054 at *1; accord Restatement (Third) of Property (Mortgages) § 6.4(b)-(c) & cmt. c (1997); see also Emps. Ins. of Wausau v. Granite State Ins. Co., 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value."); Nev. R. App. P. 36(c)(2)–(3) (providing that an unpublished decision may be cited "for its persuasive value" even though the decision generally "does not establish mandatory precedent"). There are no published decisions from the Nevada Supreme Court to the contrary.

We need not, and do not, address any alternative grounds for affirmance.

**AFFIRMED.**