**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| BANK OF NEW YORK MELLON, FKA The Bank of New York, as Trustee for the Certificateholders of the CWALK, Inc., Alternative Loan Trust 2006-OA6 Mortgage Pass-Through Certificates, Series 2006-OA6,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>Defendant-Appellee,<br><br>and<br><br>FOOTHILLS AT SOUTHERN HIGHLANDS HOMEOWNERS ASSOCIATION; et al.,<br><br>Defendants. | No.   22-15612<br><br>D.C. No.<br>2:17-cv-01918-RFB-VCF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Before:  RAWLINSON and OWENS, Circuit Judges, and FITZWATER,[**] District Judge.

Appellant Bank of New York Mellon (BONYM) appeals the district court's grant of summary judgment in favor of SFR Investments Pool 1, LLC (SFR).

"We review de novo a district court's order granting summary judgment. . . ." *CitiMortgage Inc., v. Corte Madera Homeowners Ass'n*, 962 F.3d 1103, 1106 (9th Cir. 2020) (citation omitted).  We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

After a foreclosure sale, Bank of America, N.A. (BANA)[1] tendered $1,170 to preserve its first deed of trust.  The payment "represent[ed] the maximum 9 months worth of delinquent assessments recoverable by an HOA against the first deed of trust lienholder."

**1.**    Under Nevada law, "a first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC,*

---

[**]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

[1]    BANA was BONYM's previous loan servicer and the client of Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer).  Miles Bauer tendered the $1,170 to satisfy the superpriority portion of the lien.

427 P.3d 113, 116 (Nev. 2018) (en banc) (*Diamond Spur*).  To meet this requirement, the tender must include "nine months' worth of common assessments and any nuisance-abatement or maintenance charges."  *CitiMortgage, Inc.*, 962 F.3d at 1106 (citations omitted).  Thus, the tender from Miles Bauer of nine months of assessment fees was sufficient to satisfy the superpriority portion of the lien because the record does not reflect the existence of any nuisance-abatement or maintenance fees.  *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019).

2. Miles Bauer's letter did not contain an impermissible condition.  The letter stated that the tender was a "non-negotiable amount and any endorsement of [the] cashier's check . . . will be strictly construed as an unconditional acceptance on your part."  This language was virtually identical to language in the tender approved in *Diamond Spur*.  *See* 427 P.3d at 118.

3. SFR argues that Miles Bauer's incorrect definition of the superpriority amount (omitting a reference to nuisance-abatement and maintenance fees) "supports invalidating the tender."  Because the Nevada Supreme Court has not determined whether misstatement of the law in a tender offer constitutes an impermissible condition, we must "predict how the state high court would resolve" the issue.  *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011), *as amended* (citation and internal quotation marks omitted).  The only Nevada case

3

that has addressed this issue rejects SFR's argument. *See Alliant Commercial,
LLC v. Bank of N.Y. Mellon*, 443 P.3d 544 (Nev. 2019) (unpublished) (determining
that "a misstatement [of law] is not an impermissible condition as it does not
require anything of the HOA for the HOA to be able to accept the tender") (citation
omitted); *see also Employers Ins. Of Wausau v. Granite State Ins. Co.*, 330 F.3d
1214, 1220 n.8 (9th Cir. 2003) (noting that we may consider unpublished opinions
from a state appellate court).

  **REVERSED.**