NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 20 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID JAY DEARINGER Sr.; GANNA P. DEARINGER,

Plaintiffs - Appellants,

v.

ELI LILLY AND COMPANY, a corporation,

Defendant - Appellee.

No. 24-682

D.C. No. 2:21-cv-00060-JCC

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted February 13, 2026
Seattle, Washington

Before: PAEZ and BUMATAY, Circuit Judges, and KASUBHAI, District Judge.**

Plaintiffs David Dearinger (Dearinger) and his wife Ganna Dearinger appeal

the district court's grant of summary judgment to defendant Eli Lilly and Company

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Mustafa T. Kasubhai, United States District Judge for the District of Oregon, sitting by designation.

(Lilly).  In January 2018, Dearinger suffered an intracerebral hemorrhage (ICH), a type of stroke, after taking Cialis, a prescription medication manufactured by Lilly.  The Dearingers allege that Lilly's failure to warn adequately Dearinger's physicians of the risk of ICH from the use of Cialis caused his ICH.

We review de novo the district court's grant of summary judgment.  *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm.

1.  ***Appointment of counsel.***  Assuming *arguendo* that the district court abused its discretion in denying the Dearingers' two motions for appointment of counsel, we conclude, for the reasons discussed below, that any such error was harmless.  As we explain, summary judgment was appropriately granted to Lilly based on the deposition testimony of Dr. Bardin and Dearinger.

2.  ***Proximate causation.***  The Washington Products Liability Act, Wash. Rev. Code § 7.72.010 *et seq.*, requires that a plaintiff establish proximate cause, composed of both cause in fact and legal causation.  *Hiner v. Bridgestone/Firestone, Inc.*, 978 P.2d 505, 509 (Wash. 1999).  "Cause in fact refers to the 'but for' consequences of an act[.]"  *Hartley v. State*, 698 P.2d 77, 83 (Wash. 1985).  "In the context of prescription drugs, the learned intermediary doctrine provides 'the manufacturer satisfies its duty to warn the patient of the risks of its product where it properly warns the prescribing physician.'"  *Dearinger v. Eli Lilly*

*& Co.*, 510 P.3d 326, 329 (Wash. 2022) (citation omitted). "In other words, '[t]he manufacturer's duty to provide warnings to patients transfers to the doctor, who is in a better position to communicate them to the patient.'" *Id.* (citation omitted).

To establish proximate cause for a claim that a manufacturer defectively designed its labels or failed to warn consumers of risks, a plaintiff must therefore demonstrate that: if the prescribing physician "had [] been adequately warned of the risks, [he or she] would have treated the product differently and avoided the harm." *Ayers v. Johnson & Johnson Baby Prods. Co.*, 797 P.2d 527, 530 (Wash. App. 1990), *aff'd*, 818 P.2d 1337 (Wash. 1991).

Here, the district court concluded that the Dearingers' defective design and failure-to-warn claims under the WPLA could not survive summary judgment because the Dearingers failed to establish proximate cause. We agree.

In so concluding, we rely on the following undisputed facts. In 2007, Dearinger's urologist, Dr. Bardin, prescribed him 20mg doses of Cialis, to take on an as-needed basis. In 2015, Dr. Bardin modified the prescription to a daily 5mg dose. By March 2017, Dearinger was no longer seeing Dr. Bardin. At that time, Dr. Horst, Dearinger's primary care physician, prescribed a refill of the daily 5mg dose. Dr. Horst never prescribed any 20mg pills to Dearinger. We consider the significance of these facts below.

24-682

**A.     Dr. Bardin.**  Dr. Bardin testified at his deposition that, given an alternative warning label, he would not have changed his decision to prescribe Cialis to Dearinger.  Because it is undisputed that Dr. Bardin would not have "treated the product differently and avoided the harm," the Dearingers fail to establish that Lilly's then-existing warning label proximately caused Dearinger's ICH.  *See Ayers*, 797 P.2d at 530.

**B.     Dr. Horst.**  Dr. Horst testified at his deposition that, given an alternative warning label, he would not have prescribed Cialis to someone with Dearinger's "family history" of ICH, and would have "hesitated" to prescribe Cialis to Dearinger.  This theory of proximate causation is foreclosed, however, by Dearinger's testimony regarding his use of Cialis.  Dr. Horst only prescribed Dearinger 5mg pills, and Dearinger testified that he stopped taking these pills "shortly after" he was prescribed them in March 2017.  The Dearingers argue that Dr. Horst's testimony could still be relevant if the court were to consider Dr. Horst's role as a treating physician during the period in which Dr. Bardin was prescribing the 20mg pills.

The Washington Supreme Court has not yet addressed whether a drug manufacturer's duty to warn extends to a patient's treating physicians.  "In the absence of such a decision, [we] must predict how the [Washington Supreme Court] would decide the issue using intermediate appellate court decisions,

decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *See In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990). The Washington Court of Appeals has addressed this issue in an unpublished opinion, but declined to expand the doctrine. *See Falsberg v. GlaxoSmithKline, PLC*, 2013 WL 4822205, at \*4 (Wash. App. Sept. 9, 2013). While *Falsberg* is "certainly not dispositive of how the [Washington] Supreme Court would rule," we may consider it as persuasive authority. *See Emps. Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003). Given the Washington Supreme Court's focus on the "unique" role of prescribing physicians in this context, as described in *Falsberg*, we are not persuaded that it would extend a drug manufacturer's duty to warn to treating physicians, and we decline to apply such a rule here. *See Falsberg*, 2013 WL 4822205, at \*4.

3. ***Sham affidavit rule.*** Assuming *arguendo* that the district court abused its discretion in relying on the sham affidavit rule to deny the Dearingers' motion for reconsideration, we conclude that any such error was harmless. This is because, even considering Dearinger's sworn statement that Dr. Horst was "the actual prescriber" of the Cialis at issue, Lilly was entitled to summary judgment on the merits, as discussed above.

4. ***Omission of obvious defendants.*** The district court did not err by failing to advise the Dearingers, as pro se litigants, to seek leave to amend their

complaint to assert claims against Dearinger's physicians. The physicians were not "obvious[ly]" omitted defendants because the Dearingers never made allegations of wrongdoing against them in their complaint, even construing it liberally. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1332 (9th Cir. 1986).

    **AFFIRMED.**